347.080551(207)                              RMC:lab

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | |
|---|---|
| **STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| **SHORES BUILDERS, INC., an Illinois corporation, and RODNEY SMITH as Special Administrator of the Estate of Matthew Smith, Deceased,** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

### COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, State Auto Property & Casualty Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Shores Builders, Inc., an Illinois corporation, and Rodney Smith as Special Administrator of the Estate of Matthew Smith, Deceased, alleges the following:

#### JURISDICTION

1.     The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District and the transaction or occurrence forming the basis of this action occurred in this District.

## THE PARTIES

3. State Auto Property & Casualty Insurance Company ("State Auto") is incorporated in the State of Iowa, maintains its principal place of business in Columbus, Ohio, and which is licensed to and which does transact insurance business in the State of Illinois.

4. Shores Builders, Inc. ("Shores") is an Illinois corporation with its principal place of business in Centralia, Marion County, Illinois, which is engaged in a general contracting or similar business and which claims to be an insured on a certain policy of insurance issued by State Auto to another.

5. Rodney Smith ("the Claimant") is the plaintiff in an action pending against Shores, who is a nominal but necessary party to this declaratory judgment action and who has been joined herein solely to be bound by the judgment rendered in this cause although no specific relief is sought against him. In the event that the Claimant stipulates and agrees to be bound by the judgment entered in this cause, then State Auto will seek to voluntarily dismiss him from this action. Smith is a resident and citizen of Randolph County, Illinois.

## THE INSURANCE POLICY

6. State Auto issued its policy of insurance numbered PBP200655818 to Rockbranch Ironworks, Inc. ("Rockbranch") as named insured for the effective policy period of April 17, 2018 to April 17, 2019. A certified true and correct copy of the State Auto policy of insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

## THE CERTIFICATE OF INSURANCE

7. On information and belief, the agent of Rockbranch issued a certain Certificate of Insurance, which Certificate lists the State Auto policy as a policy issued to Rockbranch. A true and correct copy of the Certificate of Insurance dated September 24, 2018, is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

8. The Certificate of Insurance states on its face, in pertinent part, as follows:

> **THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOE NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.**

In addition to the foregoing, the Certificate also states on its face, in pertinent part, as follows:

> **THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.**

**NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.**

### THE ADDITIONAL INSURED ENDORSEMENT

9. The State Auto policy issued to Rockbranch contains an additional insured endorsement, which endorsement is a part of Pleading Exhibit A, and which endorsement provides, as follows (Exhibit A at 77):

### ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVEAGE PART

**A.** **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   **1.** Your acts or omissions; or

   **2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

4

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

   **a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

   **b.** Supervisory, inspection, architectural or engineering activities.

**2.** "Bodily injury" or "property damage" occurring after:

   **a.** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

   **b.** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

5

## THE SUBCONTRACT AGREEMENT

10. Rockbranch entered a certain Subcontract Agreement ("Agreement") with Shores on or about April 25, 2018 for certain construction and other services. A true and correct copy of the Agreement is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

11. In the aforesaid Agreement, Rockbranch agreed to name Shores as an additional insured.

## THE FACTS

12. Shores has been named a defendant in a certain action for damages brought by the Claimant under Cause No. 19 L 9 in the Circuit Court of the 20th Judicial Circuit, Randolph County, Illinois. A true and correct copy of the complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

13. The Claimant in his complaint alleges that he is entitled to damages from Shores because of its negligence which allegedly caused his decedent to be electrocuted. The Claimant specifically alleges that Shores was negligent in various ways including the following:

      A. Failed to provide plaintiff's decedent with a safe place to work.

      B. Failed to provide plaintiff's decedent with safe and properly maintained equipment.

      C. Failed to provide plaintiff's decedent with proper personal protective equipment.

      D.      Failed to [e]nsure that its sub-contractor was competent to perform the work they were hired to perform.

      E.      Failed to inspect the equipment the sub-contractor used on the project.

14.    In connection with the action brought by the Claimant, Shores after tendering its defense to its own liability insurer tendered its defense to State Auto, which defense State Auto refused to accept. A true and correct copy of the letter from Shores' counsel tendering its defense dated May 14, 2019 is attached hereto, made a part hereof and is marked as Pleading Exhibit E.

## COUNT I
### (DECLARATORY JUDGMENT RE: CERTIFICATE OF INSURANCE CONFERS NO RIGHTS)

15.    State Auto adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 15 hereof as though the same were fully set forth herein.

16.    State Auto contends that Shores is not entitled to coverage based on the Certificate of Insurance, Pleading Exhibit B attached hereto, as the Certificate of Insurance confers no rights on anyone, and Shores' rights, if any, are determined by the terms and conditions of the State Auto policy.

17.    The above contentions of State Auto are, on information and belief, denied by Shores which, in turn, contends that State Auto has a duty and obligation to defend it in the action filed against it by the Claimant. State Auto, in turn, denies the contrary contentions of Shore and each of them.

Case 3:19-cv-00773  Document 1  Filed 07/17/19  Page 8 of 13  Page ID #8

18.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND SHORES)

19.     State Auto adopts and repeats the allegations of ¶¶ 1 through 18 as and for ¶ 19 hereof as though the same were fully set forth herein.

20.     State Auto contends that Shores is not entitled to coverage because Shores has been sued for its own negligence, and the additional insured endorsement specifically excludes coverage for the negligence of the additional insured, and for the following reasons:

(a) That the additional insured endorsement to the State Auto policy provides no coverage to Shores for the negligence of Shores.

(b) That the Claimant has sued Shores for its own negligent conduct and not for damages based on vicarious liability for the acts or omissions of Rockbranch.

(c) That the Claimant does not seek damages for bodily injury based on vicarious liability which is imputed to Shores solely by virtue of the acts or omissions of Rockbranch.

(d) That Shores is an additional insured only with respect to liability for "bodily injury" caused by Rockbranch's acts or omissions, and Shores has not been sued for damages by the Claimant for the acts or omissions of Rockbranch, hence Shores is not entitled to coverage under the additional insured endorsement.

(e) That Shores is an additional insured only with respect to liability caused by Rockbranch's acts or omissions in the performance of its ongoing operations for Shores, and Shores has been sued for damages for its own negligent acts or omissions, hence Shores is not entitled to coverage under the additional insured endorsement.

21. The above contentions of State Auto are, on information and belief, denied by Shores which, in turn, contends that State Auto provides coverage for the September 20, 2018 accident alleged in the Claimant's complaint. State Auto, in turn, denies the contrary contentions of Shores and each of them.

22. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND SHORES)

23. State Auto adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 23 hereof as though the same were fully set forth herein.

24. State Auto issued its policy of insurance numbered PBP200655818 to Rockbranch as named insured for the effective policy period of April 17, 2018 to April 17, 2019. A certified true and correct copy of the aforesaid Commercial Umbrella policy of insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit A. (Exh. A at 23-25, 142-76).

25. The aforesaid policy defines who is an "insured," in part, as follows (Exh. A at 168):

> **3.** Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.
>
> Subject to Section IV – Limits of Insurance, if coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured will not exceed either the:
>
> **a.** Minimum limit of insurance you agreed to provide, less any amounts payable by any "underlying insurance"; or
>
> **b.** Available under the applicable Limits of Insurance available under this policy; whichever is less,
>
> Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance".

26. State Auto contends that Shores is not entitled to coverage under the aforesaid Commercial Umbrella policy because Rockbranch did not agree in a written contract to provide umbrella insurance to Shores, hence Shores is not an insured under the umbrella policy of insurance.

10

27. The above contentions of State Auto are, on information and belief, denied by Shores which, in turn, contends that State Auto provides umbrella coverage for the September 20, 2018 accident alleged in the Claimant's complaint. State Auto, in turn, denies the contrary contentions of Shores and each of them.

28. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, State Auto Property & Casualty Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That the Certificate of Insurance conferred no rights on Shores Builders, Inc.

B. That the rights of Shores Builders, Inc. are determined by the State Auto Property & Casualty Insurance Company policy of insurance issued to Rockbranch Ironworks, Inc.

C. That the Court find and declare such other and further relief as it deems fit and proper under the circumstances.

D. That State Auto Property & Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT II:

A. That State Auto Property & Casualty Insurance Company is not liable under its policy of insurance numbered PBP200655818 to defend Shores Builders, Inc. in Cause No. 19 L 9 pending in the Circuit Court of the 20th Judicial Circuit, Randolph County, Illinois.

B. That Court grant State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That State Auto Property & Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT III:

A. That State Auto Property & Casualty Insurance Company is not liable under its policy of insurance numbered PBP200655818 to defend Shores Builders, Inc. in Cause No. 19 L 9 pending in the Circuit Court of the 20th Judicial Circuit, Randolph County, Illinois.

B.  That Court grant State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.  That State Auto Property & Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

                Respectfully submitted:

                PRETZEL & STOUFFER, CHARTERED

                BY: */s/ Robert Marc Chemers*_____
                        Robert Marc Chemers

Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
(312) 578-7548
rchemers@pretzel-stouffer.com
*Attorneys for Plaintiff State Auto Property & Casualty Insurance Company*