IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>**Plaintiff,**<br><br>v.<br><br>SHORES BUILDERS, INC., and ROCK BRANCH IRONWORKS, INC.,<br><br>**Defendants.** | Case No. 3:19-CV-773-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Overrule the Blanket Objections of Plaintiff State Auto Property & Casualty Insurance Company ("State Auto") to the Entirety of Defendant's First Requests for Admission and to Compel Adequate Responses to that Discovery (Doc. 55) filed by Defendant Shores Builders, Inc.

This is an action for declaratory judgment filed by State Auto to determine whether it has a duty to defend either Defendant Shores Builders or Defendant Rock Branch Ironworks, Inc., in an underlying state court action (Doc. 23). State Auto issued a policy of insurance to Rock Branch as the named insured for the effective policy period of April 17, 2018 to April 17, 2019 (*Id.* at ¶ 7). Rock Branch entered a Subcontract Agreement with Shores Builders on or about April 25, 2018, for construction and other services (*Id.* at ¶ 11). As part of that agreement, Rock Branch agreed to name Shores Builders as an additional insured on its State Auto policy and to indemnify Shores Builders in connection with its services (*Id.* at ¶¶ 12-13).

On September 20, 2018, Matthew Smith, an employee of Rock Branch, was fatally electrocuted while on the job. Smith's survivors subsequently brought suit against Shores Builders and others in the Circuit Court of the 20th Judicial Circuit, Randolph County, Illinois (*Id.* at ¶ 14). The state court lawsuit alleges Shores Builders was negligent on several grounds, including that it failed to ensure Rock Branch, its subcontractor, was competent to perform the work it was hired to perform and that Shores Builders failed to inspect the equipment that Rock Branch used on the project (*Id.* at ¶ 15).

After tendering its defense in the state court action to its own liability insurer, Shores Builders tendered its defense to State Auto, which State Auto refused to accept (*Id.* at ¶ 16). Shores Builders then filed a Third-Party Complaint against Rock Branch in the state court action, seeking damages for contribution and breach of contract for failure to procure insurance (*Id.* at ¶ 17).

On July 17, 2019, State Auto filed its Complaint for Declaratory Judgment in this case (Docs. 1, 23), seeking a declaration that it owes no duty to defend Rock Branch or Shores Builders in the state court case. On March 3, 2020, Shores Builders propounded its first Requests for Admissions to State Auto (Doc. 50).[1] The requested admissions pertain to the job Matthew Smith was performing on the date of his death; Rock Branch's supervision of that project; equipment owned or maintained by Rock Branch; OSHA investigations resulting from the incident; OSHA citations and fines issued to Rock Branch; damage to the welder used by Smith when he was electrocuted; and whether the pleadings in the underlying state case may still be amended (*Id.*).

---

[1] Although the RFA was served on March 3, 2020, it was not filed on the docket until March 26, 2020.

On March 20, 2020, State Auto filed its responses to the Requests for Admissions, objecting generally that the requests seek irrelevant and improper admissions that have no bearing on the resolution of this coverage dispute and whether State Auto has a duty to defend (Doc. 49). Instead, Shores Builders is seeking facts relevant to the underlying state court litigation (*Id.*). State Auto further objected on the basis that it has no knowledge as to whether the requested facts, which pertain to its insured Rock Branch, are true or false (*Id.*).

On April 6, 2020, Shores Builders filed the instant motion asking the Court to overrule State Auto's objections to its First Requests for Admissions and to compel State Auto to provide adequate responses (Doc. 55). Shores Builders argues that while State Auto claims an insurer's duty to defend an action brought against the insured is determined solely by reference to the allegations of the complaint, Illinois case law has actually held that a court may properly examine evidence beyond that contained in the underlying complaint to determine the insurer's duty to defend. *See Pekin Ins. Co. v. AAA-1 Masonry & Tuckpointing, Inc.*, 81 N.E.3d 1040, 1045 (Ill. App. Ct. 2017).

In response, State Auto argues that the duty to defend is solely a question of law for the Court to decide, requiring examination of the allegations in the underlying complaint and the relevant provisions of the policy (Doc. 59). State Auto further asserts that the requests are not relevant to the disposition of this matter and involve facts as to which State Auto has no knowledge. For example, State Auto was not a witness to the injury or involved in or aware of any OSHA investigation. While the admissions may be relevant in the underlying litigation and would be properly propounded to a party in

that case, the requests are not proper in this declaratory judgment action.

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues . . . ." FED. R. CIV. P. 26(b)(1). Rule 36 allows a party to serve a written request to admit facts within the scope of Rule 26(b)(1) "for the purposes of the pending action only." FED. R. CIV. P. 36(a)(1). A party may object to a request, but "must not object solely on the ground that the request presents a genuine issue for trial." FED. R. CIV. P. 36(a)(5). "Unless the court finds an objection justified, it must order that an answer be served." FED. R. CIV. P. 36(a)(6).

Under Illinois law, to determine whether an insurer has a duty to defend its insured, a court must compare the factual allegations of the underlying complaint to the language of the insurance policy. *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010). "Although the Court generally may only compare the allegations of the complaint to the insurance policy at issue to determine the duty to defend, Illinois courts have carved out an exception allowing the Court to look beyond the underlying complaint if doing so would not determine an issue critical to the outcome of the underlying litigation." *Hartford Fire Ins. Co. v. Thermos L.L.C.*, 146 F. Supp. 3d 1005, 1016–17 (N.D. Ill. 2015) (citation omitted); *Collins Engineers, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 19 C 1203, 2020 WL 1491136, at *7 (N.D. Ill. Mar. 27, 2020) (a court may look at evidence other than the complaint so long as such evidence would not estop a party in

the underlying case from pursuing a theory of recovery or determine an issue crucial to the insured's liability in the underlying case). "[W]hile a court is permitted to consider information outside the complaint when determining a duty to defend, doing so remains an exception to the general rule that the duty to defend is determined from the factual allegations of an underlying complaint." *Joseph T. Ryerson & Son, Inc. v. Travelers Indem. Co. of Am.*, No. 1-18-2491, 2020 WL 1695163, at *11 (Ill. App. Ct. April 7, 2020).

Shores Builders cites a number of cases where courts have considered facts outside the complaint in determining whether an insurer had a duty to defend. In those cases, however, the extrinsic information generally was limited to other pleadings and evidence within the insurer's scope of knowledge. *See Pekin*, 81 N.E.3d at 1046 (court considered the underlying complaint, the subcontract, and a claim file note in the insurer's file); *In American Economy Insurance Company v. Holabird & Root*, 886 N.E.2d 1166, 1178-79 (Ill. App. Ct. 2008) (court considered a third-party complaint in determining coverage, noting that it "need not wear judicial blinders" and "should be able to consider all the relevant facts contained in the pleadings, including a third-party complaint"). These same cases also note, however, that a court may not consider extrinsic evidence that "tends to determine an issue crucial to the determination of the underlying lawsuit." *Fid. & Cas. Co. of New York v. Envirodyne Engineers, Inc.*, 461 N.E.2d 471, 474 (Ill. App. Ct. 1983).

That is exactly the type of information that Shores Builders is seeking here. Shores Builders explicitly admits that it is seeking facts that establish State Auto's named insured's negligence as a cause of the fatal injury in the underlying suit (Doc. 56 at p. 5). Because the information sought would be critical to determining Rock Branch's liability

in the underlying action, to which it is a Third-Party Defendant, the Court cannot consider it when declaring whether coverage exists in this action. The Court further agrees the requests propounded by Shores Builders are irrelevant and have no bearing on the resolution of this matter, which is solely an action to determine whether State Auto owes a duty to defend in the underlying action. State Auto's objections, therefore, must be sustained.

For these reasons, the Motion to Overrule the Blanket Objections of Plaintiff State Auto Property & Casualty Insurance Company to the Entirety of Defendant's First Requests for Admission and to Compel Adequate Responses to that Discovery (Doc. 55) filed by Defendant Shores Builders, Inc., is **DENIED**. Plaintiff State Auto's objections are **SUSTAINED**.

**IT IS SO ORDERED.**

DATED:   April 23, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**